Feb. 1807.　　　SAMUEL PECK *against* DEODAT WOODBRIDGE.

A decree of chancery having been reversed, on the ground of fraud
THIS was a petition in chancery for an injunction against an action at law commenced by the respondent practised in obtaining it, and the party injured restored to his former situation; and an action at law having been brought to recover damages for the fraud; chancery will not interpose to grant an injunction against that action, on an application, by the opposite party, for that purpose.

against the petitioner, and which was still pending. The action at law had grown out of a previous controversy between the parties, the history of which was stated in the petition. It was substantially as follows:

On the 1st of *June*, 1768, *Noah Rust* mortgaged a farm of land to *Jehiel Rose*, defeasible on the payment of a sum of money by the 1st of *April*, 1772. *Rose* entered into possession in *January*, 1770; and he, and those who held under him, continued in possession from that time until *February*, 1802. In *January*, 1771, *Rust* died insolvent. In *March*, 1782, his administrator brought a petition to redeem, and obtained a decree in his favour. He failed, however, to pay the mortgage money by the time limited in the decree. By a succession of regular conveyances from the mortgagee, the title to the premises became vested in *Woodbridge*, the present respondent. *Peck*, the present petitioner, had married the daughter and heir of the mortgagor; and in *September*, 1799, *Peck* and his wife brought a bill of review, praying for liberty to redeem, on the ground that she, at the time of her marriage, was a minor. The court decreed a redemption, and ordered *Woodbridge* to remove a store which he had erected in front of the premises. *Woodbridge* complied with the decree; but afterwards discovering that the evidence on which the decree had been obtained was false, and imposed on the court by the fraudulent conduct of *Peck*, he brought a bill of review. The court found the facts stated by *Woodbridge*, as the ground of application, to be true, and reversed the decree of redemption, on the terms, that each party should be restored to the condition he was in before that decree, and that *Woodbridge* should recover his costs in both suits. The rents and profits, while *Peck* was in possession, were, by agreement, set off against the interest of the money. After the execution of the decree last made, *Woodbridge* brought an action at law

against *Peck*, the *gravamen* of which was, that *Peck* had, by a deception practised upon the witness, imposed false evidence upon the court, and had, in consequence of the fraud, and the decree by that means obtained, put *Woodbridge* to great expense in defending against the petition, in removing his store, and in the interruption of his business. For an injunction against that action this petition was brought.

To this petition there was a demurrer.

*Ingersoll* and *E. Perkins*, for the petitioner.

*Goodrich* and *Daggett*, for the respondent.

In support of the demurrer, it was argued,

1. That the same matters, which are stated as the ground of this application, may be pleaded to an action at law. If these matters would not make a sufficient defence at law, they will not be sufficient to warrant the interposition of a court of chancery. The former proceedings in chancery ought, no less than a judgment at law, to be pleaded by the party who would avail himself of them. If there has been a satisfaction, by the execution of the decree, it should be pleaded.

2. That the action at law is for matters which the decree could not reach. *Woodbridge's* bill was *a bill of review upon new matter discovered*, the objects of which were, to produce an examination and reversal of the decree made on the former bill, and also to put the petitioner into the situation in which he would have been, if that decree had not been executed. These are the proper, and the only proper objects of a bill of this nature.(a) But merely to reinstate the party in his former

(a) *Mit. Plead.* 78—81. *Hinde's Chan.* 56, 57.

6

situation would not afford him complete redress. The action at law is broader; it alleges matter extraneous to the bill; it demands a sum *in damages* for expenses incurred, and injuries sustained, in consequence of the fraud.

3. That, at any rate, the court will not, on this petition, examine into, and decide upon, the merits of the action at law. A bill of review is already sufficiently complex.

Against the demurrer, it was argued,

1. That the plaintiff in the action at law has no merits. He could be entitled to but one satisfaction;(a) and *that* he has obtained by the execution of the decree. The general rule is, that a party may go to law for damages, or into chancery for specific relief. But after he has gone into chancery, he cannot, for the same cause, go to law. The relief is in lieu of damages. If he can get more at law than in chancery, he may go to law; but he must make his election. The redress, which the present respondent has sought and obtained in chancery, must now be considered as complete; for where a court of chancery has jurisdiction of the *principal subject*, it will take into consideration *the incidents*, and do justice in the case. To restore a party to his former situation means, *ex vi termini*, giving him complete redress.

(a) *Fetter* v. *Beal*, 1 *Ld. Raym.* 339. 692. *Taylor* v. *Coles et al.* 1 *Hen. Bla.* 555—561.

Feb. 1807.

TALCOTT
v.
COGSWELL.

2. That the present application is the *proper mode* of taking advantage of this matter.(a)

BY THE COURT,

The petition was adjudged insufficient.

(a) *Gilb. Chan.* 200—202. *Martin* v. *Martin,* 1 *Ves.* 211. *Brooks et Ux.* v. *Reynolds,* 1 *Bro. Chan. Cas.* 183. *Hardcastle* v. *Chettle,* 4 *Bro. Chan. Cas.* 163. *Mayor and Corporation of York* v. *Pilkington,* 2 *Atk.* 302.